E-FILED
Thursday, 19 January, 2006  10:09:08 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | | |
|---|---|---|
| THE DUDGEON COMPANY, a Delaware corporation, | ) ) | |
| Plaintiff, | ) | |
| v. | ) ) | Case No.  05-2265 |
| EAST-WEST YACHTS, INC. and GREGORY BRACKEN, | ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

In October 2005, Plaintiff, the Dudgeon Company, filed a Complaint against Defendants East-West Yachts, Inc., Gregory Bracken, Paul Parks, and Marine Solutions, Inc., in the Circuit Court of the Eleventh Judicial Circuit, Ford County, Illinois.  The complaint alleges claims arising from a contract for purchase of a boat and seeks rescission of the contract based on state law claims of fraud, breach of contract, and failure of consideration.  The complaint also alleges in Count XIII that Defendants violated the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1961 *et seq.*) (hereinafter "RICO").  In November 2005, Defendants East-West Yachts and Bracken removed the case to federal court, alleging jurisdiction based on federal question (28 U.S.C. § 1331) because one of Plaintiff's claims is based on federal law.  (Notice of Removal, #1.)

In December 2005, Plaintiff filed a Motion To Dismiss Count XIII (#2), seeking to voluntarily dismiss the RICO claim.  In addition, Plaintiff filed a Response to Notice of Removal (#3, now docketed as #12), which the Court will deem to be a motion.  That motion asks the Court to decline to exercise jurisdiction over the remaining state claims and to remand this case to state court.

Defendants subsequently filed a memorandum objecting to Plaintiff's motions to dismiss and to remand, arguing that Plaintiff is seeking to manipulate the forum in order to have the case

heard in a more favorable forum.  In support, they cite *Carnegie-Mellon University v. Cohill*,
484 U.S. 343 (1988).  In that case, the question arose "whether the district court may decline
jurisdiction through a remand as well as through a dismissal."  *Id.* at 357.  The United States
Supreme Court held that a federal district court had discretion to remand to state court a removed
case involving state-law claims after determining that retaining jurisdiction over the case would
be inappropriate.  *Id*.  The Court also stated that the possibility that a plaintiff might be
attempting to manipulate the forum did not justify "a categorical prohibition on the remand of
cases involving state-law claims regardless of whether the plaintiff has attempted to manipulate
the forum and regardless of the other circumstances in the case."  *Id.*  Regarding forum
manipulation, the Court stated:

> A district court can consider whether the plaintiff has engaged in any
> manipulative tactics when it decides whether to remand a case.  If the plaintiff has
> attempted to manipulate the forum, the court should take this behavior into
> account in determining whether the balance of factors to be considered under the
> pendent jurisdiction doctrine support a remand in the case.  The district courts
> thus can guard against forum manipulation without a blanket rule that would
> prohibit the remand of all cases involving pendent state-law claims.

*Id.*


In *Mine Workers v. Gibbs,* the Court stated that "if the federal claims are dismissed
before trial . . . the state claims should be dismissed as well."  *Mine Workers v. Gibbs*, 383 U.S.
715, 726 (1966).  This statement did not establish a mandatory rule.  *See Carnegie-Mellon*, 484
U.S. at 350 n.7 (citing *Rosado v. Wyman,* 397 U.S. 397, 403-5 (1970)).  It simply recognized that
in the usual case in which all federal claims are eliminated before trial, the balance of factors to
be considered under the supplemental jurisdiction doctrine generally will point toward declining
to exercise jurisdiction over the remaining state-law claims.  *See Wright v. Associated Ins. Cos.
Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994).


Here, after considering issues of judicial economy, convenience, fairness, and comity,
including the possibility that Plaintiff may be seeking to manipulate the forum, the Court
concludes that these factors favor relinquishing jurisdiction.  Accordingly, the Court

recommends declining to exercise supplemental jurisdiction over the remaining state law claims and also recommends remanding the case to state court. *See* 28 U.S.C. § 1367(c)(3).

### Summary

For the reasons set forth above, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Plaintiff's Motion To Dismiss Count XIII **(#2)** be **GRANTED**. The Court also recommends that Plaintiff's motion to remand **(#12)** be **GRANTED** and that this case be remanded to state court and the other pending motions be deemed moot.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 19ᵗʰ day of January, 2006.

s/ DAVID G. BERNTHAL
U.S. MAGISTRATE JUDGE
